FILED
SUPERIOR COURT
OF GUAM

2023 APR 14 PM 1:34

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| CARLINE BELLO BUKIKOSA AND BELLA BELLO MARTINEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>BENNY BENAVENTE BELLO,<br>JOSEPHINE BELLO-DUENAS,<br>GEORGE BENAVENTE BELLO,<br>BELLO ENTERPRISES,<br>BELLO FAMILY, L.L.C., and<br>DOES 1 through V,<br><br>Defendants. | **Superior Court Case No. <u>CV1172-19</u>**<br><br><br><br>**DECISION AND ORDER<br>RE: ADMISSIBILITY OF VIDEO<br>RE-RECORDING** |

This matter is before the Honorable Maria G. Fitzpatrick on George Benavente Bello and Benny Benavente Bello's Motion for Partial Summary Judgment. Present before the court were Attorney Phillip Torres and Attorney Daniel Berman representing George Benavente Bello and Benny Benavente Bello. The motion was joined by Defendants Bello Enterprise and Bello Family, L.L.C.'s (collectively "Corporate Defendants") represented by Jeffrey Cook and Josephine Bello-Duenas represented by Attorney Jon Visosky. Plaintiffs Carline Bello Bukikosa and Bella Bello Martinez were represented by Attorney Carlos Taitano.

Defendants requested the court to view a re-recording of a security video which was originally taken on the April 16, 2019 date that Plaintiffs claim they were assaulted by Defendants Josephine Bello-Duenas and Benny Benavente Bello. On April 27, 2019, the day after the event, Eva Chai Bello made a recording of the video using her Apple mobile phone from the original video while it played on a monitor. Declaration of Eva Chai Bello (March 20, 2023). Eva Chai

Bello attests to the fact that it is a true and accurate copy of the original recording. *Id.* The security camera at the offices of Bello Enterprises Inc., Bello Family L.LC. and Bello Family Trust which share office spaces has limited storage and automatically taping over previous recorded images. Therefore, the original recording doesn't exist and was recorded over before this case was filed.

Plaintiffs originally objected to the admission of the video on the basis that it is not the original video, that they never received the original video, and that the video does not have sound. Since the original video was recorded over, it is impossible for Defendants to produce the original recording in discovery but did turn over the copy. Just before oral argument, Attorney Taitano advised the court that the objection to the video was withdrawn in the brief filed on March 23, 2023. Upon reading the brief, it is not clear that the objection is withdrawn completely. Therefore, the court memorializes the ruling on the admissibility of the video.

On page 6 of Plaintiffs' Sur-Reply to the Reply to Opposition to Motion For Partial Summary Judgment, Plaintiffs reserve objection to the video pursuant to GRE rules 402 and 403. GRE Rule 401 defines relevant evidence as follows: "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The video is relevant to the claims of a physical assault on the Plaintiffs because it shows or tends to show what physically happened on April 26, 2019. It is not offered in evidence for what was said on that date. The fact that the original video did not have sound is not a valid objection. Plaintiffs' objection based on GRE Rule 402 is overruled.

Plaintiffs also object on GRE Rule 403 Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence, in this case, the objection is not valid. The video shows what happened physically during the event. It shows the Plaintiffs after the event going about their

business of copying and taking picture of the scratch. The value of the video is highly probative which shows the actual events without sound. There is no danger of "unfair prejudice or confusion" since it depicts the event as it was happening. The video is short and will not cause undue delay and is not cumulative. Therefore, the objection pursuant to Rule 403 is overruled.

Plaintiffs' original objection is based on GRE Rule 1002 Requirement of the Original. GRE rule 1003 states that a duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or it would be unfair to admit the duplicate in lieu of the original. GRE Rule 1001 (4) defines duplicate as including a mechanical or electronic re-recording. GRE Rule 901(b)(1) evidence can be authenticated by the testimony of a witness with knowledge. The declaration of Eva Chai Bello satisfies this requirement of GRE Rule 901(b)(1) of rules of evidence. *See People v. Tuncap*, 2014 Guam 1 ¶¶ 32-34, (A witness with knowledge can authenticate the video). In addition to Eva Bello, there are declarations from Josephine (March 20, 2023) and Benny (March 20, 2023) which say the video is an accurate representation of what happened. The video can be admitted through a combination of these three witnesses at trial. *See People v. Tedtaotao*, 2016 Guam 9 ¶¶ 13-16 (rejecting authentication challenge to a cell-phone video of a surveillance video). Virtually, all jurisdictions allow the introduction of recordings pursuant to "silent witness" authentication. *See* 2 John W. Strong et al., McCormick on Evidence § 2143, at 16 (5th Ed. 1999).

GRE Rule1004 states that the original is not required if the original was lost or destroyed, the original is not obtainable unless the party who possessed the original destroyed it in bad faith or was put on notice by the pleadings or otherwise that the contents would be subject of proof at a hearing. Since the video was taped over automatically before the lawsuit was filed, the parties were not given notice that the video was going to be the subject of a hearing in this case.

Defendants admit that Plaintiffs never got to inspect or copy the original but only because the original no longer exists. Declaration of Benny Bello (March 20, 2023). Plaintiffs have not

alleged that the tape was destroyed in bad faith or submitted any evidence that it was destroyed in bad faith.

Plaintiffs claim that Eva Chai Bello was not disclosed as a witness in this case and therefore object to her Declaration. If Plaintiffs need additional discovery as a result of the failure of the Defendants to disclose that she recorded the video, Plaintiffs may file a Motion for Leave to do additional discovery. The objections raised by Plaintiffs are overruled and the video will be permitted to be admitted into evidence at trial.

IT IS SO ORDERED this 14th Day of April 2023.

HONORABLE MARIA G. FITZPATRICK
Judge *Pro Tempore*
Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

Date: 4/14/23
Joseph Bamba, Jr.

Deputy Clerk, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

Date: _____ Time: 4/14/23
Joseph Bamba, Jr.

Deputy Clerk, Superior Court of Guam